UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J&J SPORTS PRODUCTIONS, INC.,

    Plaintiffs,

                                                Case No. 12-14093
v.                                            Hon. Lawrence P. Zatkoff

GLENDA STANLEY and
GLENDA STANLEY CORPORATION,

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 31st day of May, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

On February 21, 2013, the Court conducted a scheduling conference for this case at 10:00 a.m., in the absence of both Defendants, neither of whom contacted the Court in any manner prior to the scheduling conference. At the scheduling conference, the Court determined that: (a) neither Defendant contributed to–or participated in–the preparation of the case summary that parties are required to jointly prepare and submit to the Court in advance of the scheduling conference; and (b) no attorney filed an appearance with the Court on behalf of the corporate Defendant (Glenda Stanley Corporation). As the Court stated in an Order to Show Cause issued to Defendants on March 7, 2013:

> It is well-established law that a corporate defendant **cannot** represent itself; rather, a corporate defendant such as Glenda Stanley Corporation **must** obtain and be represented by legal counsel.

In the March 7, 2013, Order to Show Cause, the Court:

1. ORDERED each Defendant to SHOW CAUSE why the Court should not enter judgment in favor of Plaintiff against that Defendant for her or its failure to: (A) appear at the scheduling conference held on February 21, 2013, as ordered by the Court; and (b) participate in the preparation of the case summary, as ordered by the Court.

2. ORDERED that, as to the corporate defendant (Glenda Stanley Corporation) only, such Defendant must SHOW CAUSE, in writing, that it has obtained legal counsel or, alternatively, why judgment should not be entered against Glenda Stanley Corporation for failure to retain legal counsel to represent the corporation in this judicial proceeding.

3. Advised each Defendant that her or its failure to comply with the Order to Show Cause may result in: (A) entry of judgment in favor of Plaintiff and against that Defendant, and (B) the issuance of sanctions against that Defendant.

To date, the Court has received only a handwritten letter from the individual Defendant, Glenda Stanley. Ms. Stanley stated that she was not aware of the scheduling conference or her obligation to participate in the preparation of the case summary. Further, as Ms. Stanley had stated in her "answer" to Plaintiff's complaint, Ms. Stanley responded that: (1) she paid her cable provider (Comcast) for the televised boxing match by charging the cost on the credit card of her friend, (2) she had no knowledge of Plaintiff's existence or rights to the telecast, and (3) due to some technical difficulties, the telecast was never shown at her bar. Ms. Stanley instead contended that the allegations of Plaintiff should be brought against her cable provider (Comcast) because she paid Comcast for the fight and asks the Court to end this case. Finally, Ms. Stanley stated that "the business [presumably the Glenda Stanley Corporation] is not open now and should not be held accountable for something it was not responsible for." No response or notification of legal representation has been received on behalf of the corporate Defendant, Glenda Stanley Corporation.

Based on the foregoing, the Court concludes that judgment should not be entered against the

individual, Defendant Glenda Stanley and dismisses the Order to Show Cause as it relates to Defendant Glenda Stanley. Therefore, Plaintiff's cause of action against Ms. Stanley shall continue.

As to the corporate Defendant, Glenda Stanley Corporation, such Defendant cannot proceed in this action absent legal representation, as the Court made clear to Defendants in the Order to Show Cause. Despite the Court's clear statement that Glenda Stanley Corporation could only proceed in this matter if it was represented by legal counsel, Glenda Stanley Corporation still has not obtained legal counsel. Accordingly, as: (1) Glenda Stanley Corporation cannot proceed without legal representation, (2) the Court advised Glenda Stanley Corporation that judgment could be entered against the Glenda Stanley Corporation if it did not obtain legal representation, and (3) Glenda Stanley Corporation still has not obtained legal representation, the Court hereby ORDERS that Judgment shall be, and hereby is, entered in favor of Plaintiff as to Defendant Glenda Stanley Corporation.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 31, 2013