UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J&J SPORTS PRODUCTIONS, INC.,

       Plaintiffs,

                                 Case No. 12-14093
v.                                Hon. Lawrence P. Zatkoff

GLENDA STANLEY and
GLENDA STANLEY CORPORATION,

       Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 18th of June, 2014

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Default Judgments Against
Defendants Glenda Stanley Corporation d/b/a Cuzins Bar & Grille ("Cuzins") and Glenda Stanley
("Ms. Stanley"), jointly and severally (Docket #22).  Neither Defendant filed a response to the
Motion for Default Judgments, and neither Ms. Stanley nor any attorney on her behalf or on behalf
of Cuzins appeared at the U.S. Courthouse in Port Huron on June 5, 2014, for the hearing on the
Motion for Default Judgments that the Court had scheduled for 10:00 a.m. that day.  Ultimately, the
Court did not conduct a hearing that day.

As Defendants failed to file a response to—or appear at the scheduled hearing for—the
Motion for Default Judgments, and as the Court finds that the facts and legal arguments pertinent
to the Motion are adequately presented in the Plaintiff's papers, the Court concludes that the
decision process will not be aided by scheduling another hearing for oral arguments regarding

Plaintiff's Motion for Default Judgments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the papers submitted by the parties in this case, without this Court entertaining oral arguments.  For the reasons that follow, Plaintiff's Motion for Default Judgments is granted, and judgment in the amount of $2,978.75 is entered in favor of Plaintiff and against the Defendants, jointly and severally.

## II.  BACKGROUND

On September 14, 2012, Plaintiff filed a Complaint against Defendants alleging that Ms. Stanley and Cuzins knowingly and willfully violated the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605, and a state law claim for the tort of conversion, for illegally broadcasting the boxing event titled, "*Number One: Floyd Mayweather, Jr. v. Juan Manuel Marquez*" (the "Program"), which was telecast on Saturday, September 19, 2009.  The Court dismissed Plaintiff's state law claim for conversion.

### A.      Factual History

As stated in Plaintiff's Complaint, Plaintiff owns the distribution rights to the Program, which was broadcast by encrypted satellite signal. The Program originated via a satellite uplink and was subsequently retransmitted to cable systems and satellite companies via satellite signal. Plaintiff distributed the Program via closed circuit cable television.  For a commercial fee, a commercial establishment could legitimately receive an unscrambled signal enabling it to view the Program by contracting with the Plaintiff or an authorized distributor, such as DirecTV. Plaintiff provides a "Rate Card" for each fight that lists the commercial rate for each event based on an establishment's capacity.

In order to combat illegally obtained programs, Plaintiff hired investigative agencies to

retain auditors to visit various commercial locations that had no record of paying a commercial fee on September 19, 2009, to determine whether those establishments were publicly displaying the Program without proper legal authorization to do so.  According to Plaintiff's Complaint, an investigator or some investigators observed the Defendants exhibiting the Program on September 19, 2009.

Plaintiff alleges that Ms. Stanley, as the officer, director, shareholder and/or principal of Cuzins, is liable to Plaintiff for violating both 47 U.S.C. §553 and 47 U.S.C. § 605, because she had supervisory control over the activities of September 19, 2009, and because she received a financial benefit by not paying the commercial rate. According to Plaintiff, Defendants could have received the signal to receive the Program either by illegally pirating the signal through illegal scrambling equipment or by setting up a residential account for Cuzins through an authorized distributor.  If the latter is true, the Defendants would have paid a minimal residential rate to view the program rather than the commercial rate based on Cuzins' capacity. Whether the Defendants paid a residential rate for the Program or illegally pirated the Program with scrambling equipment, Defendants willfully violated the statute.

**B.      Procedural History**

Defendants were served with the Summons and Complaint on December 2, 2012.  Cuzins failed to timely answer Plaintiff's Complaint within twenty-one (21) days after it was served, but Ms. Stanley submitted a letter to the court on December 12, 2012. As a result of Defendants' absence from participation in, and the lack of response to, Plaintiff's prosecution of this case, the Court entered: (1) a Judgment of Default against Cuzins on May 31, 2013, for failure to obtain legal counsel to represent the corporate entity; and (2) an Order of Entry of Default against Ms. Stanley

on February 26, 2014, for failure to attend the Final Pretrial Conference, failure to notify the Court or Plaintiff's counsel that she would not attend the Final Pretrial Conference, failure to defend this cause of action, and failure to respond to the Court's Order to Show Cause issued on January 22, 2014.

### III.  APPLICABLE LAW

A motion for entry of default judgment pursuant to Rule 55(b)(2) will be granted as to liability where facts alleged in the complaint are not materially different from the facts found, and when the facts are sufficient to state a cause of action on each count in the complaint. *Kelley v. Carr,* 567 F. Supp. 831, 840 (W.D. Mich. 1983).  "On a motion for entry of default pursuant to [Federal] Rule [of Civil Procedure] 55(b)(2) [as is the case here], allegations of fact in the complaint are taken as true unless they are contradictory on the face of the document." *Thomson v. Wooster*, 114 U.S. 104 (1885).

### IV.  ANALYSIS

Under  47 U.S.C. §553(a)(1), liability exists if a person intercepts, receives, or assists in receiving any communication service over a cable system, without authorization.  Under 47 U.S.C. §605(a), liability hinges on the interception of radio communications and the divulgence to any person. Plaintiff's Complaint establishes the elements of liability required to state a claim under both 47 U.S.C. § 553 and 47 U.S.C. § 605. Therefore, based on the pleadings,  and Defendants' failure to respond to Plaintiff's Motion for Default Judgment, the Court shall take the allegations set forth in Plaintiff's Complaint as true, as it did in when entering a default against Cuzins on May 31, 2013, and entering a default against Ms. Stanley on February 26, 2014.  In other words, the Court concludes that Defendants knowingly and willfully intercepted the Program and offered it to the

4

patrons of Cuzins for a commercial advantage on September 19, 2009, in violation of both 47 U.S.C. § 553 and 47 U.S.C. § 605.

When a defendant is liable under both 47 U.S.C. § 553 and 47 U.S.C. § 605, the plaintiff can only recover under one section. *See, e.g.*, *J&J Sports Productions, Inc. v. Trier*, 2009 U.S. Dist. LEXIS 6415 (E.D. Mich. January 29, 2009) (citation omitted). In this case, Plaintiff has elected to recover under 47 U.S.C. § 605. For each violation of 47 U.S.C. § 605(a), *i.e.*, the unlawful exhibition of the Program for commercial advantage on September 19, 2009, Plaintiff may recover statutory damages of up to $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), with the amount to be determined by the Court, in its discretion. Pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), Plaintiff may recover additional statutory damages of up to $100,000 for the intentional unlawful interception of the Program, with the amount to be determined by the Court, in its discretion. In addition, pursuant to the Federal Communications Act, a prevailing plaintiff also may be awarded full costs, including attorney fees. Here, Plaintiff seeks:

(1)    Statutory damages of $10,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), for the unlawful exhibition of the closed circuit television signal of the Program on September 19, 2009,

(2)    Enhanced damages of $100,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), for the intentional unlawful interception of the closed circuit television signal of the Program on September 19, 2009,

(3)    Attorney fees of $918.75 ($175/hour for 5.25 hours of work) and costs of $60, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

As set forth in a case cited by Plaintiff, it is well-established that a court has great discretion in awarding damages under 47 U.S.C. § 605(e)(3)(C)(ii) and, in determining such an award of damages, a court is to consider "both the nature of the violation in light of the statutory scheme involved, as well as the particular circumstances concerning the defendant's actions." *DIRECTV,*

5

*Inc. v. Pete Schulien*, 401 F.Supp.2d 906 (N.D. Ill. 2005). Likewise, the damages awarded by the court "should take into account the proportionality between the loss suffered by the plaintiff and the profit gained by the defendant." *Trier*, 2009 U.S. Dist. LEXIS 6415, at *3 (citation omitted). "Facts relevant to this determination include the number of patrons in the establishment at the time the violation occurred, the seating capacity of the establishment, the various rates, including the residential rate, charged by the plaintiff for the viewing of the broadcast, and whether the defendant charged patrons a cover for viewing or was likely to have obtained significant profits in another manner." *Id.* Further,

> When the exact number of patrons is unknown, courts will award a flat sum based on consideration of justice. When the exact number of patrons is known, the court will base the award on the number of patrons in the establishment who viewed the unauthorized showing by a number set by the court. This number varies widely from $20 to $300, although most courts set a number around $50.

*Trier*, 2009 U.S. Dist. LEXIS 6415, at *3-4 (citation omitted).

As set forth above, Plaintiff seeks the maximum damages possible for Defendants violation of 47 U.S.C. § 605(a). The Court notes, however, that Plaintiff has not presented the Court with: (a) any report prepared by the investigator(s) who observed the Program being exhibited at Cuzins on September 19, 2009, (b) any indication of the number of patrons in Cuzins when the Program was shown, (c) whether such patrons were charged a cover for viewing, (d) any indication of the seating capacity of Cuzins, (e) the commercial rate that Ms. Stanley and/or Cuzins could have paid to legally show the Program at Cuzins, and/or (f) the residential rate charged by Plaintiff for the viewing of the Program. In other words, Plaintiff did not indicate in its Complaint or in any other filing with the Court, including its Motion for Default Judgments, any evidence that would support any of the key matters listed in (a)-(f) above, nor any evidence which would demonstrate the extent to which

6

Cuzins and/or Ms. Stanley profited from the showing of the Program at Cuzins or that the Program was actually shown at Cuzins on September 19, 2009. In fact, even accepting the allegations in the Complaint and Motion for Default Judgments as true, the only thing the Court can conclude from the Complaint is that Defendants intentionally intercepted the Program and made it available for viewing on September 19, 2009.

For the foregoing reasons, the Court is not persuaded that Plaintiff is entitled to the maximum damages of $10,000 for Defendants' violation of 47 U.S.C. § 605, nor the maximum enhanced damages of $100,000 for Defendants' intentional interception of the Program. Instead, in light of the total absence of evidence (and, for the most part, even the total absence of allegations) to support Plaintiff's request for damages, the Court shall award Plaintiff:

(1) Statutory damages of $1,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), for the unlawful exhibition of the closed circuit television signal of the Program on September 19, 2009,

(2) Enhanced damages of $1,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), for the intentional unlawful interception of the closed circuit television signal of the Program on September 19, 2009.

With respect to attorney fees and costs, the Court finds that the 5.25 hours Plaintiff's counsel expended on this case at a billing rate of $175/hour to be reasonable. Further, the Court finds that the $60 in costs claimed by Plaintiff for filing fees and service of process fees to be reasonable. Accordingly, the Court will award Plaintiff $978.75 for attorney fees and costs for the prosecution of this cause of action. Therefore, the Court will enter judgment in favor of Plaintiff and against Defendants in the aggregate amount of $2,978.75, and Defendants will be jointly and severally liable for payment of the judgment.

### V.  CONCLUSION

Accordingly, and for the reasons set above, the Court GRANTS Plaintiff's Motion for Default Judgments against Defendants Glenda Stanley and Glenda Stanley Corporation.   In furtherance thereof, the Court AWARDS Plaintiff the aggregate amount of $2,978.75, which amount shall be paid by Defendants Glenda Stanley and Glenda Stanley Corporation, jointly and severally. A separate Judgment shall be entered in accordance with this Opinion and Order.

IT IS SO ORDERED.

      S/Lawrence P. Zatkoff           
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 18, 2014

8